# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY BOUDREAUX,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-4949 |
| SOCIAL SECURITY ADMINISTRATION,<br>    Defendant | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Report and Recommendations on cross motions for summary judgment.[1] The questions presented are interrelated: (1) did the administrative law judge ("ALJ") commit legal error by ignoring D.J. Adams' Functional Capacity Evaluation ("FCE"), and, if so, (2) was that error harmless? For the reasons explained below, the ALJ was required by law to consider the FCE. This legal error casts into doubt the existence of substantial evidence to support the denial of benefits. Accordingly, the Report and Recommendations is REJECTED, and this case is REMANDED to the Social Security Administration for further proceedings.

## BACKGROUND

Plaintiff Cathy Boudreaux seeks judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissoner") denying her application for disability insurance benefits.[2] The complaint was referred to a United

---

[1] *See* R. Docs. 14, 16, 17.
[2] The procedural history of and evidence presented at the administrative hearings are summarized aptly in the Report and Recommendations. Familiarity is assumed.

1

States Magistrate Judge.[3] The parties filed cross motions for summary judgment, and the Magistrate Judge issued a report and recommendations granting Defendant's motion and denying Plaintiff's motion. Plaintiff has filed an objection, which assigns three errors:

> (1) The Report and Recommendations is internally inconsistent and insupportable as a matter of law;
> (2) The Report and Recommendations is erroneous in its treatment of the issues regarding the Plaintiff's Functional Capacity Evaluation; and
> (3) The Report and Recommendations is incorrect in its consideration of Plaintiff's claims regarding denial of due process.[4]

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(B) permits the district court to refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[5] The district court reviews *de novo* those portions of the report and recommendations to which objection is made.[6] The court reviews all other portions for clear error.[7]

## LAW AND ANALYSIS

The Court's function on judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standard to evaluate the evidence.[8] A claimant is not entitled to disability benefits unless the Commissioner makes the following five findings: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in

---

[3] *See* 28 U.S.C. § 636(b)(1)(B); LR 73.2(B).
[4] R. Doc. 19.
[5] 28 U.S.C. § 636(b)(1)(C).
[6] 28 U.S.C. § 636(b)(1).
[7] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[8] *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

States Magistrate Judge.[3] The parties filed cross motions for summary judgment, and the Magistrate Judge issued a report and recommendations granting Defendant's motion and denying Plaintiff's motion. Plaintiff has filed an objection, which assigns three errors:

> (1) The Report and Recommendations is internally inconsistent and insupportable as a matter of law;
> (2) The Report and Recommendations is erroneous in its treatment of the issues regarding the Plaintiff's Functional Capacity Evaluation; and
> (3) The Report and Recommendations is incorrect in its consideration of Plaintiff's claims regarding denial of due process.[4]

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(B) permits the district court to refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[5] The district court reviews *de novo* those portions of the report and recommendations to which objection is made.[6] The court reviews all other portions for clear error.[7]

## LAW AND ANALYSIS

The Court's function on judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standard to evaluate the evidence.[8] A claimant is not entitled to disability benefits unless the Commissioner makes the following five findings: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in

---

[3] *See* 28 U.S.C. § 636(b)(1)(B); LR 73.2(B).
[4] R. Doc. 19.
[5] 28 U.S.C. § 636(b)(1)(C).
[6] 28 U.S.C. § 636(b)(1).
[7] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[8] *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

Appendix 1 of the Social Security Regulations; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from performing any other work.[9]  The claimant bears the burden of proof on the first four findings; the Commissioner bears the burden of proof on the fifth.[10]

The ALJ found that Plaintiff's claim failed at Step 4 because she could perform past relevant work as a meat cutter and teacher's aide.[11]  In making this finding, the ALJ summarily disregarded an FCE prepared by D.J. Adams on June 23, 2011, because it was "not reviewed or signed off on by an acceptable medical source."  The FCE limited Plaintiff to sedentary work and therefore supported a finding of disability.  The initial question presented is whether an ALJ commits legal error by rejecting a physical therapist's FCE merely because it was not approved by an acceptable medical source.

The Social Security regulations distinguish between "acceptable medical sources" and "other sources."[12]  This distinction is important, because evidence from an acceptable medical source must be provided to establish a medically determinable impairment.[13]  Furthermore, only acceptable medical sources can provide medical opinions and be considered treating sources.[14]

Although evidence from an acceptable medical source is an essential component of a disability claim, the Social Security regulations contemplate consideration of evidence from "other sources," both medical and non-medical:

---

[9] *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).
[10] *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).
[11] The ALJ also noted—apparently in *dicta*—that even if Plaintiff could not perform past relevant work, she could still perform unskilled jobs requiring light exertion such as security guard, information clerk, and child care worker.
[12] *See generally* 20 C.F.R. § 404.1513 (2013).  Acceptable medical sources include licensed physicians, licensed psychologists, licensed podiatrists, and qualified speech-language pathologists.  2o C.F.R. § 404.1513(a).
[13] SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006).
[14] *Id.*; *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).

3

> (d) Other sources. In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to--
>> (1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists)[.][15]

An ALJ is required to consider all relevant evidence in making a disability determination,[16] including "opinions from medical sources who are *not* 'acceptable medical sources' . . . ."[17] For example, evidence from "other sources" must be considered when evaluating an "acceptable medical source's" opinion.[18]

Physical therapists such as D.J. Adams are considered "other sources" under the Social Security regulations.[19] Accordingly, the ALJ was required to consider D.J. Adams' FCE in rendering a decision. There is nothing in the regulations or case law suggesting an "other source's" opinion must be approved by an "acceptable medical source." The ALJ's summary rejection of the FCE for this reason was legal error.[20]

---

[15] 20 C.F.R. § 404.1513(d).

[16] *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) (both stating that "[r]egardless of its source, we will evaluate every medical opinion we receive."); SSR 06-03P, 2006 WL 2329939, at *2 ("[T]he Act requires us to consider all of the available evidence in the individual's case record in every case.").

[17] SSR 06-03P, 2006 WL 2329939, at *6 (emphasis added).

[18] *Id.* at *4; *Fontenot v. Comm'r of Social Security*, No. 11-0909, 2013 WL 395827, at *7 (W.D. La. Jan. 7, 2013) ("[T]he ALJ is *required* to consider evidence from 'other sources' when evaluating an acceptable medical source's' opinion.") (emphasis in original).

[19] *Forest v. Astrue*, No. 11-2017, 2012 WL 3137844, at *11 (E.D. La. Aug. 1, 2012); *see also* 20 C.F.R. § 404.1513(d)(1) (providing that "other sources" include medical sources such as "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and *therapists*.") (emphasis added).

[20] *See Morris v. Astrue*, 624 F. Supp. 2d 349, 355—56 (D. Del. 2009) (finding legal error where ALJ failed to consider FCE from physical therapist and noting that "the opinion of a treating therapist is considered probative evidence . . . and courts have found error where the A.L.J. has ignored such evidence.") (internal citation omitted); *cf. Ware v. Colvin*, No. 11-CV-1133-P, 2013 WL 3829472, at *4 (N.D. Tex. July 24, 2013) (finding legal error where ALJ failed to consider opinions of vocational counselors).

The analysis does not end here. Legal error only requires remand if it affects a party's "substantial rights."[21] A party's substantial rights are affected when the error "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision."[22] The question presented in this case is whether the ALJ's failure to consider the FCE casts into doubt the existence of substantial evidence to support the finding that Plaintiff could return to past relevant work.

Even without D.J. Adams' FCE, the existence of substantial evidence is questionable. The vocational expert at the second hearing opined there were no jobs a hypothetical person with Plaintiff's disabilities could perform. Moreover, Dr. Boudreaux—Plaintiff's treating physician—opined on October 28, 2010 that Plaintiff was disabled.

The FCE was the last examination of Plaintiff's physical limitations before the second hearing. D.J. Adams' findings were consistent with Dr. Boudreaux's October disability findings and with the testimony of the vocational expert at the second hearing. Had the ALJ properly considered D.J. Adams' FCE in light of the other evidence presented, it is possible—if not probable—that he would have arrived at a different conclusion.

---

[21] *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam).
[22] *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam).

## CONCLUSION

An ALJ cannot "pick and choose" the evidence that supports his position.[23] The ALJ in this case was required by law to consider D.J. Adams' FCE. His failure to do so casts into doubt the existence of substantial evidence to support the denial of benefits.[24] This case is remanded to the Commissioner for further proceedings consistent with this opinion.

**New Orleans, Louisiana, this 19th day of December, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[23] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).
[24] Having determined that Plaintiff's second objection to the Report and Recommendations has merit, the Court does not reach her other objections.